IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Charlene Bowen Reuwer, | ) |
| | ) C.A. No. 9:09-2387-HMH-BM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Michael J. Astrue, Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Charlene Bowen Reuwer ("Reuwer") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report and Recommendation, Magistrate Judge Marchant recommends affirming the Commissioner's decision. Reuwer filed pro se objections to the Report and Recommendation

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

on January 12, 2010.Carolina.[2]  For the reasons explained below, the court reverses the Commissioner's decision and remands the case for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 9-36), and summarized as follows.  At the time of the ALJ hearing on March 2, 2009, Reuwer was a fifty-six-year-old woman with a high school education and past relevant work experience as a clerical worker, customer service representative, and receiving sales clerk.  (Id. at 102, 123.)  Reuwer alleges that her disability began February 2, 2002, and that she is disabled because of depression and anxiety.  (Id. at 122.)

Reuwer filed an application for DIB on May 18, 2006, which was denied initially and upon reconsideration.  Following a March 2, 2009 hearing, the ALJ issued a decision on April 22, 2009, finding that Reuwer was not disabled.  The Appeals Council denied Reuwer's request for review.  Reuwer filed the instant action on September 10, 2009.

## II. REPORT AND RECOMMENDATION

The issue presented to the magistrate judge was whether the ALJ's decision was supported by substantial evidence.  (Report & Recommendation, generally.)  Magistrate Judge Marchant concluded that it was and recommended affirming the Commissioner's decision.  (Id., generally.)

---

[2] Reuwer was represented by Redmond Coyle until his untimely death.  Reuwer was afforded additional time to file objections to allow her to obtain new counsel.  To date, no counsel has appeared in the case and Reuwer is proceeding pro se.

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations and quotation marks omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Reuwer's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely

3

restate her claims. However, the court was able to glean one specific objection. Reuwer alleges that the ALJ did not consider records from Dr. Mary Jo Cagle ("Dr. Cagle"), a primary care physician, indicating that Reuwer's depression began in 1994. (Objections, generally.) "In the context of judicial review of a decision of the Commissioner regarding SSI disability benefits, evidence outside the administrative record generally is precluded from consideration by the court." Baker v. Barnhart, 457 F.3d 882, 891 (8th Cir. 2006). This court may order that the Commissioner take additional evidence only upon "a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Fourth Circuit has held that evidence is new only if it "is not duplicative or cumulative" and is material only "if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

After review, it does not appear that Dr. Cagle's records were submitted in support of Reuwer's disability claim. The ALJ notes in his decision that "[w]ith regard to the claimant's depression and anxiety, there is . . . little evidence prior to the date the claimant's insured status expired to support her testimony. The claimant first sought treatment in December 2004." (R. at 18.) A review of Dr. Cagle's records that Reuwer submitted with her objections reveals that, in fact, Reuwer was treated for depression beginning in 1994. (Objections, Ex. 1 (Dr. Cagle's Notes at 51).) Dr. Cagle prescribed Zoloft and it appears that Reuwer remained on Zoloft through 1996. (Id. Ex. 1 (Dr. Cagle's Notes at 45).) Again in late 1998, Reuwer began taking

Zoloft.  (Id. Ex. 1 (Dr. Cagle's Notes at 42).)  The notes indicate that she was treated throughout 1994 and 1995.  On May 11, 1999, Dr. Cagle's notes reflect that Reuwer "cancelled 3 [month recheck].  States she is beginning to feel better on Zoloft.  It is helping with the emotional 'tearful' days."  (Id. Ex. 1 (Dr. Cagle's Notes at 41).)  On August 21, 2000, Reuwer's medication was changed from Zoloft to Effexor because she was "feeling no pleasure at all and has had rather flat affects."  (Objections, Ex. 1 (Dr. Cagle's Notes at 36).)  The next note that references this issue is dated September 26, 2002, in which Dr. Cagle instructs Reuwer to "restart Zoloft for anxiety."  (Id. Ex. 1 (Dr. Cagle's Notes at 25).)

      The court has reviewed the record in this case and is constrained to find that remand is appropriate to allow the ALJ to consider all of the relevant evidence.  It is unclear why the evidence was not considered by the ALJ.  Dr. Cagle was listed as one of her medical providers in her Disability Report.  (R. at 125.)  Given that Reuwer's prior counsel is deceased and unable to explain the omission and that Dr. Cagle was listed as a medical provider in the Disability Report, the court is unable to determine whether there was good cause for omitting the records in the prior proceeding.  However, the records are relevant and given the unusual circumstances of this case, the court believes that a remand is appropriate.  The court's remand of this matter should in no way be construed as reflecting an opinion by this court on the ultimate outcome of this case.  Based on the foregoing, the court declines to adopt the Report and Recommendation of the magistrate judge.

Therefore, it is

**ORDERED** that the Commissioner's decision is reversed and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                               s/Henry M. Herlong, Jr.
                                               Senior United States District Judge

Greenville, South Carolina
January 25, 2011